UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-23490-CIV-KING

CHANEL, INC., a New York corporation,

    Plaintiff,

v.

HUAN SHENG LIN, and DOES 1-10,
individually and jointly, d/b/a
LZSALER.COM, BAGSCLUB.COM,
BAGSGIFT.COM, CLOTHOL.COM,
COYGIFT.COM, JEWELRYPURSES.COM,
KSALER.COM, LZSALER.NET,
LZWHOLESALER.NET, RHANDBAGS.COM,
WEARWHOLESALER.COM,

    Defendants.
_____/

## ORDER DENYING MOTION TO SERVE DEFENDANT BY ALTERNATE MEANS, AND GRANTING MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT

THIS CAUSE is before the Court on Plaintiff's January 6, 2009 Motion to Serve Defendant by Alternate Means (D.E. #6), and Plaintiff's April 15, 2009 Motion for Enlargement of Time to Serve Defendant (D.E. #12).

A review of the record reveals that Plaintiff filed its Complaint for Damages and Injunctive Relief on December 18, 2008 (D.E. #1); however, at that time, Plaintiff failed to take out a summons from the Clerk of Court. On December 19, 2008, this Court entered

an Order Directing Plaintiff to Commence Service. In its Order, the Court gave Plaintiff ten (10) days "have summons issued and commence service of process on Defendants." (D.E. #3). On December 21, 2008, Plaintiff's counsel apparently had the Clerk of Court issue a summons; however, the summons issued only contains what appears to be a list of Defendant's website addresses (D.E. #4). On January 6, 2009, the Court directed Plaintiff to show cause as to why the case should not be dismissed for failure to properly serve the Defendant (D.E. #5).

In the instant Motion to Serve by Alternate Means, Plaintiff alleges that "[Defendant] and his unidentified co-defendants operate virtually anonymously via the Internet and use false contact information . . . ." (D.E. #6). Plaintiff asserts that it is unable to locate a physical address at which the Defendant may be served; however, it "has good cause to suspect [Defendant] is a resident of China." (D.E. #16). As a result, Plaintiff only has an email address for Defendant and contact information for Protected Domain Services, a domain name privacy services representative "acting as a proxy for the true operators of [Defendant's] domain name." (D.E. #6). As a result, Plaintiff asks this Court to "allow[] service of the Summons and First Amended Complaint in this matter . . . via e-mail and/or through a domain name privacy service in Colorado which acts as his representative." (D.E. #6). In the alternative, Plaintiff seeks a thirty-day extension of time to serve Defendant due to the expiration of the 120 day deadline.

Federal Rule of Civil Procedure 4(f)(3) provides a residual mechanism for service

of process on individuals in foreign countries: "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States: . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3) (2008).

The Court recognizes that federal courts have allowed a wide array of methods of service of process under Rule 4(f)(3) because "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (*quoting Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23–24 (D. Me. 2001)). The Court, however, also recognizes that the decision to issue an order allowing service by alternate means lies <u>solely within the discretion of the district court</u>. *See, e.g., Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)]."); *Rio Props., Inc.*, 284 F.3d at 1018 ("we leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.").

In exercising its discretion under Rule 4(f)(3), the Court is limited to approving a method of service that fulfills due process requirements. Constitutional due process requires that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Prewitt Enters., Inc.*, 353 F.3d at 921 ("A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution 'as a matter of individual liberty' so that 'the maintenance of the suit . . . [does] not offend 'traditional notions of fair play and substantial justice.'") (*quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982)).

In the instant case, the Court cannot exercise its discretion in allowing the Plaintiff to serve the Defendant through email or the domain name privacy service because such service, under these facts, is not reasonably calculated to notify the Defendant. The Court is skeptical of authorizing service of process through an email address that Plaintiff has not demonstrated will reasonably notify the Defendant, Huan Sheng Lin. Plaintiff contends that it hired an investigator who was "able to communicate with the Defendant[] by e-mail." (D.E. #6). A review of the record reveals that, although the investigator received electronic responses from the email address at issue, (Dec. Robert Holmes ¶ 6), there exists doubt as to whether the Defendant, Huan Sheng Lin, specifically sends and receives the emails from this address. Therefore, the Court finds that Plaintiff has not demonstrated that service of process by email would be reasonably calculated to put the Defendant on notice that litigation was pending against him.

Accordingly, after careful review of the record, and the Court being otherwise fully

advised it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion to Serve Defendant by Alternate Means **(D.E. #6)** be, and the same is hereby, **DENIED**. It is further **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Enlargement of Time to Serve Defendant **(D.E. #12)** be, and the same is hereby, **GRANTED**. The Plaintiff is hereby **DIRECTED** to properly effectuate service within the next thirty (30) days.

    **DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 16th day of April, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: <u>**Counsel for Plaintiff**</u>
**Stephen Michael Gaffigan**
312 S.E. 17th Street
Fort Lauderdale, FL 33316

**Virgilio Gigante**
401 E Las Olas Boulevard
#130-453
Fort Lauderdale, FL 33301